Dear Mr. Price:
You have requested our opinion regarding the Louisiana Tax Commission Fund (the "Fund"), created under authority of La. R.S. 47:1856.1, added by Act No. 596 of the Regular Session of 1986. As we have discussed by phone, the Fund has clearly been abolished by Act 984 of the 1992 Regular Legislative Session, which repealed R.S. 47:1856.1. However you have requested that we respond to your request despite the abolition of the Fund.
Your letter presents the following issues:
 1. Did Act 5 of the First Extraordinary Session of 1988 (enacting R.S. 49:308.3) provide authority for the Treasurer to pay over the proceeds in the Fund to the general fund?
It is our opinion that Act 5 of the First Extraordinary Session of 1988 did authorize the Treasurer to pay over the proceeds of the Fund to the general fund. The authority for that transfer is found within R.S. 49:308.3A, which states in pertinent part:
 "Notwithstanding any other law to the contrary and except as provided by the Constitution of Louisiana and Subsection B of this Section, all special funds in the state treasury are abolished . . .The treasurer is therefore authorized and directed to transfer the balances of the abolished funds and deposit them in the general fund. Notwithstanding laws requiring certain money to be deposited in and credited to such abolished special funds, the treasurer, upon receipt of such money . . . shall deposit the money in and credit it to the general fund."
Your letter states that the Tax Commission interprets R.S.49:308.3B(4) as exempting the Fund from the provisions of49:308.3A. Although 49:308.3B(4) does exempt a certain category of funds from the provisions of 49:308.3A, it is our opinion that it does not exempt the Fund. 49:308.3B(4) exempts:
 Special funds and dedications of money provided by law funded by assessments or surcharges for the satisfaction of final judgments, settlements, orders, awards, or compromises.
The Fund, according to former R.S. 47:1856.1, was to be utilized for the ". . . defense, determination, or development of assessment procedures. . .", not for the satisfaction of judgments, etc. obtained against the Tax Commission or any other state agency or entity.
 2. Does payment under 49:308.3(A) convert the nature of the Fund monies to a tax by changing the use of the proceeds for which the funds were received from the "tax recipient bodies" entitling a recovery thereof by such bodies?
The second issue raised by your request must be examined in light of the Louisiana Supreme Court's decision in Audubon Insurance Company v. Bernard, 434 So.2d 1072 (La. 1983), wherein a statutory increase in the amount charged insurers by the Louisiana Insurance Rating Commission was held to be a tax in violation of the Louisiana of 1974, as its purpose was to provide for retirement and other benefits for firemen, and not for the purpose of defraying the cost of insurance regulation. The Court held that if revenue is the primary purpose for an assessment and regulation is merely incidental or the assessment materially exceeds the cost of regulation, then the imposition is a tax. However, Audubon also stated the rule that:
 "If the imposition has not for its principal object the raising of revenue, but is merely incidental to the making of rules and regulations to promote public order, individual liberty, and general welfare, it is an exercise of police power." R.S. 47:1851
charges the Tax Commission to ". . .administer and enforce all laws related to the state supervision of local property tax assessments and the assessment of public service properties." R.S. 47:1851, et. seq. charges the Tax Commission with the duty of appraising and assessing certain public service property and, for the purposes of taxation by local taxing units, the Commission is charged with the duty of allocating the assessed valuation of each company among the local taxing units.
Pursuant to R.S. 47:1856, in paragraphs A and B, companies are given the right to institute suit to contest the correctness or legality of final determinations of their assessed valuations by the Tax Commission, which final determinations are made after the Tax Commission grants to the company notice, a right of protest and a full and complete hearing. Also pursuant to R.S.47:1856, in paragraph F, tax recipient bodies who receive proceeds from a judgment in favor of the Tax Commission (i.e., a judgment which upholds the Tax Commission's assessment), must remit an amount equal to ten percent of the proceeds they receive to the Tax Commission.
In our opinion, the funds received by the Tax Commission pursuant to this statute are for the purpose of defraying the cost to the State of the services provided by the Tax Commission in its assessment procedures. As such the imposition of this charge does not have as its principal object the raising of revenue, rather, it is "incidental" to the regulatory processes of the Tax Commission. The fact that these funds were once segregated in a special fund and are now part of the general fund does not change the purpose for which the funds are collected. It is our opinion that the imposition of this charge is not a tax, and the tax recipient bodies who have paid this charge are not entitled to a recovery of amounts paid.
 3. Does the transfer of the funds to the general fund levy and impose a tax on the fund against the people who actually paid the money over to the "tax recipient body" in violation of the constitutional prohibitions recognized in the Audubon decision?
It is our opinion that the transfer to the general fund does not change the nature of the charge to a tax on the people who actually paid the money (pursuant to judgment against them) to the tax recipient bodies. As we interpret 47:1856F, it does not increase the amount paid by the taxpayer, who post-judgment, is only liable for the amount of additional taxes due and interest from date of payment under protest. It is the tax recipient body who must bear the cost of the amount owed to the Tax Commission. Furthermore, for the reasons stated in our response to the second issue raised by your letter, the charge is incidental to the Tax Commission's regulatory process, and is therefor not a tax.
 4. Can the Tax Commission recover these funds from the Treasurer or the general fund other than by legislative appropriation?
It is our opinion that the Tax Commission cannot recover these funds except by legislative appropriation.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv 0130n